IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

BOBBY WILLIAMS and
SHEILA NEAL                                                                                          PLAINTIFFS

v.                                          3:05CV00086-WRW

CITY OF WEST MEMPHIS, ARKANSAS;
MAYOR WILLIAM H. JOHNSON, Individually and in
His Official Capacity; DET. BAILEY PHILLIPS,
Individually and in His Official Capacity; DET.
MARY REYNOLDS, Individually and in Her Official
Capacity; OFC. RICHARD DENNIS, Individually
And in His Official Capacity; OFC. BRYAN MARTIN,
Individually and in His Official Capacity; SGT. DEVON
REYNOLDS, Individually and in His Official Capacity;
SGT. ROBERT LANGSTON, Individually and in His
Official Capacity; CHIEF BOB PAUDERT, Individually
And in His Official Capacity; JOHN DOE and JANE DOE 1-5                   DEFENDANTS

## PROTECTIVE ORDER

Pending is a Joint Motion for a Protective Order[1]. The motion is GRANTED. All responses to discovery requests, all deposition testimony, deposition exhibits, and any other discovery materials will be subject to this Order by stipulation of the parties:

Plaintiffs have requested discovery of the personnel files of named Defendants, Bailey Phillips, Mary Reynolds, Richard Dennis, Bryan Martin, Devon Reynolds, and Robert Langston. In order to permit Plaintiffs adequate access to the records necessary to completely present their case herein, and, at the same protect the personal privacy of Defendants, it is hereby ordered:

1.      Defendants are in the process of obtaining and have agreed to produce for Plaintiffs' counsel a complete unexpurgated copy of the personnel files of Bailey Phillips, Mary

---

[1]Doc. No. 15.

Reynolds, Richard Dennis, Bryan Martin, Devon Reynolds, and Robert Langston under the Federal Rules of Civil Procedure. Information contained in these personnel files would be sensitive if exposed outside the limited confines of use in this litigation.

  2. Plaintiffs' counsel has agreed to a Protective Order which will limit the use of the documentation pertaining to the employment of Separate Defendants Bailey Phillips, Mary Reynolds, Richard Dennis, Bryan Martin, Devon Reynolds, and Robert Langston, based on to the above-referenced request for production of documents in the following respects:

    a. These documents will be considered confidential.

    b. All confidential records or other information provided under this agreement will be used for the purpose of this litigation only and none of the confidential material may be used for any other purpose whatsoever. Moreover, neither Plaintiffs, Defendants nor their respective counsel may utilize directly or indirectly the confidential records, documents, or other information made available based on to this Stipulation in any other administrative complaint, proceeding, or civil action.

    c. All confidential records, documents, tapes, or other information provided hereunder will be retained in the custody of counsel including their paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation. Counsel may also provide copies of such confidential records, documents or other information to any expert witness[es] retained by either party or persons employed by such expert[s] whose review of the material is necessary for purposes of this litigation.

    d. If confidential documents or records are used during depositions, the depositions will be treated as confidential in accordance with this Stipulation.

    e. Any document, information or deposition designated as Confidential under this Stipulation will, when filed with the Court, be clearly marked "Confidential." A request to keep the sealed information separate and in secure storage to be opened only by authorized Court personnel, will be made to the Clerk.

    f. The parties, their counsel and their staff and the retained expert witness/witnesses will not in any manner, directly or indirectly, transfer confidential records, documents or other information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person.

    g. Counsel, promptly upon completion of this litigation, or before if at such time they have no further use of the confidential information, whichever will first occur, will return all materials produced, and all copies and extracts of data from such materials, or in the alternative, destroy same and verify said destruction with defense counsel.

    h. The protective order sought will govern all pre-trial proceedings, but will be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to the Court. This Order will be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order will not, however, be modified until the parties will have been given notice and an opportunity to be heard on the proposed modification.

    i. A party who contends that documents designated Confidential are not entitled to such treatment will give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents will have fifteen

(15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

    j. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing will be construed or presented as a judicial determination that any specific document or item of information designated as Confidential by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling will have been made.

    k. The provisions of the protective order will not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by Order of the Court.

    l. The protective order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

 IT IS SO ORDERED this 4th day of April, 2006.

            /s/ Wm. R.Wilson,Jr.
           UNITED STATES DISTRICT JUDGE